Dear Mr. Lancaster:
You have requested an opinion of the Attorney General regarding the legal authority of the Madison Parish Police Jury (Police Jury) to participate in a beaver bounty program under which trappers will be paid a bounty of $20.00 for each beaver tail turned in to the Police Jury and certified to have been caught in Madison Parish. Under the program, the trapper will be paid $10.00 by the Police Jury, $5.00 by the Madison Parish Farm Bureau (Bureau) and $5.00 by the landowner on whose property the beaver was trapped. You specifically ask whether the Police Jury may use public funds to pay this $10.00 bounty.
The need to control the beaver population in rural parts of the state is well-recognized. The damage caused by the beaver to the state's natural drains, drainage canals, ditches, culverts, streams and waterways poses serious impediments to flood and mosquito control, navigation and drainage. It also adversely affects the parish's finances and the health, safety and welfare of its citizenry.
The law clearly recognizes the Police Jury's power to make regulations for its own government and the safety and welfare of its constituents. R.S. 33:1236 provides, in pertinent part, the following:
 "The police juries and other parish governing authorities shall have the following powers:
(1) To make regulations for their own government.
* * *
 (c) The police juries may, upon request of the governing authority of any incorporated municipality, perform all or any part of the repair, maintenance and care of . . . culverts and other drainage facilities, situated within and under the jurisdiction of such incorporated municipality, and may expend for such purposes any funds made available to them . . .
 (3) To regulate the clearing of the banks of rivers and natural drains; for the clearing of the banks of the Mississippi River and all other navigable streams and natural drains for the purpose of securing a free passage for boats and other water crafts, and for logs and timber; to make regulations to prevent the introduction into the propagation in all such streams and natural drains of aquatic plans and other vegetation which can in any manner impede or obstruct navigation of boats and all other water craft or the towing of logs and timber. . . .
* * *
 (13) To construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals. . . . Police Juries shall open all natural drains which they deem necessary in their respective parishes and shall perform all work connected therewith, which they may deem necessary to make the opening of natural drains effective. They may perform all other acts necessary to fully drain all the land in their respective parishes and maintain such drainage when established."
As can be gleaned from the above, the Police Jury has broad and sweeping powers with regard to the maintenance and clearing of natural drains, culverts, streams, ditches and canals. It is our opinion that this authority clearly extends to the implementation of, and participation in, a beaver control pilot program.
We find support for our position in R.S. 3:3032 which provides in pertinent in part, the following:
 "A. The governing authority of the parishes of East Carroll, West Carroll, Morehouse, Madison, and Richland, in cooperation with the Department of Agriculture and Forestry, shall create a pilot program to offer a bounty on beaver. The purpose of the pilot program shall be to explore the benefits of offering a bounty on beaver in order to control the beaver population and the damage caused by beaver.
 B. The bounty offered shall total $15.00 for each pelt, $10.00 to be paid by the state, provided that funds are appropriated therefore, and $5.00 to be paid by the parish governing authority."
As can be seen from the above, our legislature has also recognized the serious problems being experienced by our rural areas due to the mischief caused by the beaver population.
While Paragraph B authorizes the Police Jury to pay a $5.00 bounty, we do not construe this provision to constitute a ceiling or limitation upon the financial participation of the Police Jury. We further find nothing to prohibit the financial participation of private organizations and individuals in the program.
Therefore, it is the opinion of this office that the Madison Parish Police Jury may participate in a beaver control project under which it compensates trappers in the amount of $10.00 for each beaver captured in said parish.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
ATTORNEY GENERAL
 BY: __________________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
Mr. Michael E. Lancaster Civil Assistant District Attorney Sixth Judicial District Post Office Box 1389 Tallulah, Louisiana 71284
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General